IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| IN RE: | Case No. 21-09428 |
|---|---|
| Piotr M. Gawron, | Chapter 11 |
| Debtor(s). | Judge David D. Cleary |
| | Motion Date: Wednesday, November 17, 2021 |
| | Motion Time: 10:00 a.m. |

NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that on Wednesday, November 10, 2021, at 10:00 a.m., I will appear before the Honorable David D. Cleary or any judge sitting in his stead in Room 644 or in the courtroom usually occupied by him at the United States Courthouse, 219 South Dearborn, Chicago, Illinois 60604, and then and there present the Routine Motion of LincolnWay Community Bank Under Bankruptcy Rules 2004 and 9016 for Leave to Issue Document Subpoenas to Debtor and Third-Party Respondents, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

1

# CERTIFICATE OF SERVICE

I, Sandra L. Makowka, an attorney, certify that I served a copy of this Notice and the Motion referred to herein was served upon on each party named below at the address shown and by the method indicated on November 3, 2021.

VIA ELECTRONIC NOTICE THROUGH ECF:

    David R. Herzog

    Patrick S. Layng, U.S. Trustee

    Spencer Ezell, U.S. Trustee

    Dana N O'Brien, attorney for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely as Certificate Trustee for NRP Mortgage Trust I

    Ally Financial, c/o AIS Portfolio Services, LP

VIA FIRST CLASS U.S. MAIL:

    Piotr M. Gawron, 199 N. Rainbow Rd., North Barrington, IL 60010

    LincolnWay Community Bank,

    By:    /s/Sandra L. Makowka
            One of Its Attorneys

Cohen Dovitz Makowka, LLC
Sandra L. Makowka
Attorney No. 6286780
10729 W. 159TH Street
Orland Park, IL 60467
(708) 460-7711
Email: BANKRUPTCY@CDM.LEGAL

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>Piotr M. Gawron,<br>            Debtor(s). | Case No. 21-09428<br>Chapter 11<br>Judge David D. Cleary<br><br>Motion Date: Wednesday, November 17, 2021<br>Motion Time:  10:00 a.m. |

<u>Routine Motion Of LincolnWay Community Bank
Under Bankruptcy Rules 2004 and 9016 for Leave to Issue Document Subpoenas to
Debtor and Third-Party Respondents</u>

LincolnWay Community Bank ("LincolnWay"), by and through its undersigned counsel, hereby moves (this "Motion") for entry of an order, substantially in the form of the Proposed Order submitted herewith (the "Proposed Order"), pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Northern District of Illinois ("Local Rule 2004-1"), authorizing and directing discovery from the Debtor and third-parties believed to be in possession of documents related to the assets and/or liabilities of the Debtor (collectively the "Third-Party Respondents").  In support of this Motion, LincolnWay respectfully represents as follows:

RELEVANT BACKGROUND

1. On August 9, 2021 (the "Petition Date"), Piotr M. Gawron (the "Debtor") filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. LincolnWay is a banking institution chartered in the State of Illinois, is the holder of a secured interest in the Debtor's primary residence, 199 Rainbow Road, North Barrington, IL (the "Debtor's Residence" or "Residence") and as a result, is a creditor of the Debtor and a party in interest pursuant to 11 U.S.C. §1109.

3

3. Prior to the filing of the Petition, LincolnWay instituted an action to foreclose its mortgage against the Debtor's primary residence, which case was pending the 19th Judicial Circuit Court, Lake County, Illinois as Case No. 19CH864 (the "Foreclosure Case").

4. To date, the Office of the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") has not appointed an official committee of creditors in this Chapter 11 Case, nor has any trustee or examiner been appointed; as a result, the Debtor is a debtor in possession pursuant to sections 1101 and 1107 of the Bankruptcy Code and continues to manage the property of the estate.

5. On September 17, 2021, the U.S. Trustee conducted the Debtor's meeting of creditors (the "341 Meeting").

6. Counsel for LincolnWay and John Lockie, Vice President of LincolnWay attended the 341 Meeting.

7. At the Debtor's 341 Meeting, the Debtor's testimony was inconsistent with information known to LincolnWay and information available in the public record about the Debtor's interest in various business entities and other assets of the Debtor that were not disclosed in the Debtor's Schedules.

I. THE BUSINESS ENTITIES

8. At the 341 Meeting, the Debtor's testimony regarding his interest and position in several corporations and limited liability companies was inconsistent with: (i) the records of the Secretary of State of Illinois; and (ii) documents submitted to LincolnWay in conjunction with the application for and servicing of the LincolnWay mortgage; and (iii) other information available in the public records. Specifically, the testimony of the Debtor at the 341 Meeting was that he had no ownership interest in nor any position as a director or officer in any business entity.

9. In the Petition, the Debtor stated that he has not used any business names or EINs within the last 8 years. *See* Petition Part 1, #4.

10. In the Schedules filed by the Debtor on September 8, 2021, the Debtor stated that he possessed no interest in any "non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership and joint venture. *See* Schedule A/B, Part 4, #19.

11. In the Debtor's Statement of Financial Affairs filed on September 8, 2021 (the "SOFA"), the Debtor stated that within the four years preceding the filing of the Petition, he had no interest in or connections to any business as a sole proprietor, member of an limited liability company or limited liability partnership, partner in a partnership; officer, director or managing executive of a corporation or owner of at least 5% of the voting or equity securities of a corporation. *See* SOFA, Part 11.

12. At the 341 Meeting, the Debtor's testimony regarding his interest and position in several corporations and limited liability companies was inconsistent with: (i) the records of the Secretary of State of Illinois; and (ii) documents submitted to LincolnWay in conjunction with the application for the LincolnWay mortgage. Specifically, when questioned about his interest in any business entity, the testimony of the Debtor at the 341 Meeting was that he had no ownership interest in nor any position as a director or officer in any business entity.

13. Despite the statements made by the Debtor, under oath and penalties of perjury, the Debtor has interests in at least the following entities:

3rd Coast Builders & Construction Inc. ("3rd Coast")

A. 3rd Coast is an Illinois corporation with a mailing address of 701 N. Newkirk Lane, Palatine, Illinois 60074. The records of the Secretary of State reflect that the registered agent is Alexandra Gawron and per the annual report filed for the year 2020, Debtor is the President and Secretary of 3rd Coast. A copy of the search result obtained from the Secretary of State's website is attached hereto as Exhibit A.

B. At the 341 Meeting, the Debtor testified that his mother was the sole shareholder of that entity and he was not an officer, director or shareholder of 3rd Coast. The testimony given by the Debtor at the 341 Meeting and the Debtor's SOFA are directly contradicted by the 2020 annual report which clearly reflects the Debtor to hold at least two officer positions, President and Secretary, of 3rd Coast.

C. The testimony of the Debtor at the 341 Meeting disclaiming an interest in 3rd Coast also runs directly afoul to the Debtor's 2017 U.S. 2017 US Income Tax Return for an S Corporation filed by 3rd Coast, which listed the Debtor as its sole shareholder and issued the sole K1 to the Debtor. A copy of the K1 issued to the Debtor is attached hereto as Exhibit B.

D. In the SOFA, the Debtor's statement that he does not hold or control any property that someone else owns is contrary to following actions, all of which were taken by the Debtor in his capacity as an officer of 3rd Coast:

   i. On or about June 25, 2021, the Debtor, as President of 3rd Coast, executed a deed conveying ownership of property commonly known as 214 Krause Lane, Wheeling, IL 60090 to PMG Builders 3 LLC (the "Krause Lane Property"). A copy of the deed conveying the Krause Lane Property is attached hereto as Exhibit C. On the face of the deed, future tax bills were to be sent to PMG 3 at the Debtor's primary residence. *See* Exhibit C.

   ii. In his capacity as an officer of 3rd Coast, the Debtor executed the following mortgages against a property owned by 3rd Coast since on or about June 2016 commonly known as 4838 North Prospect Avenue, Norridge, IL 60706 (the "Prospect Avenue Property"):

   (a) A mortgage dated August 13, 2019, to Constructive Loans, LLC in the amount of $412,000 executed by the Debtor, in his capacity as President of 3rd Coast (the "Constructive Loan Mortgage"). A copy of the Constructive Loan Mortgage is attached hereto as Exhibit D.

   (b) A mortgage dated November 22, 2019, to US Enterprises LLC F4 in the amount of $160,854 executed by the Debtor, in his capacity as Director, President and Secretary of 3rd Coast (the "US Enterprises Mortgage"). A copy of the US Enterprises Mortgage is attached hereto as Exhibit E.

E. Proofs of claim were filed by the following creditors in this case, for debts of 3rd Coast for which the Debtor was either a co-borrower or guarantor:

   i. On September 2, 2021, On Deck Capital, Inc. filed a proof of claim in this case, for the remaining balance due on a loan secured by all of the assets of 3rd Coast, which loan was guaranteed by the Debtor (the "On Deck Claim"). *See* Claim 4, Attachment 1. The OnDeck claim was filed prior to the filing of the Debtor's Schedules on September 8, 2021, but On Deck was not listed as a scheduled debt nor did the Debtor disclose any legal

6

or equitable interest in any business-related property. *See* Schedule A/B, Part 5 of Debtor's Schedules; *see also* Schedules D & E/F; and

    ii. On September 28, 2021, a claim was filed by Capital One Bank, attached to which was a Statement of Accounts which stated the name of the account holder to be 3rd Coast. *See* Claim 5, Attachment 3.

F. During the period of May to June 2021, the Debtor applied for a loan with Wise Commercial Lending ("Wise") to refinance the LincolnWay mortgage. In an email LaDonna Logan at Wise sent to counsel for LincolnWay on June 10, 2021, she stated, "We are in complete understanding that the Lender has everything necessary." A copy of the June 10, 2021 email is attached hereto as Exhibit F. In further email communications between the lenders working on the refinance on behalf of the Debtor, information was sought as to the ownership of 3rd Coast. In response, LaDonna Davis at Wise stated, "The client has 100% ownership and in support thereof, attached an image of a K1 issued for the year 2017 which stated the sole shareholder to be the Debtor. A copy of the email chain and the K1 attached thereto are attached hereto collectively as Exhibit G.

PMG Builders 3 LLC ("PMG3")

G. PMG3 is an Illinois Limited Liability Company with an address of 20083 N. Ela Road, Deer Park, IL 60010 ("PMG 3").

H. The annual report filed by PMG3 for the year 2021 reflects the Debtor to be the manager of PMG3. A copy of the information obtained from the Secretary of State's website is attached hereto as Exhibit H.

I. In the testimony given by the Debtor at his 341 Meeting, the Debtor denied being the manager of PMG3 and also denied having any knowledge of the details of the conveyance of the Krause Lane Property to PMG3.

PMG Builders & Construction, Inc. ("PMG")

J. PMG is an Illinois corporation established June 27, 2018, for which an annual report was filed for the year 2020 which listed the Debtor's Primary Residence as the address for Stanislaw Swiatek, the registered agent, and stated the Debtor to be the president and secretary of PMG. A copy of the information obtained from the Secretary of State's website is attached hereto as Exhibit I.

II. THE PRE-PETITION TRANSFER OF THE KRAUSE LANE PROPERTY

14. The testimony given by the Debtor at the 341 Meeting regarding the conveyance of the Krause Lane Property by 3rd Coast on June 25, 2021, was plagued with contradictions.

15. Initially, the Debtor denied having executed the deed conveying the Krause Lane Property to PG3.

16. After being advised that the deed for the conveyance of the Krause Lane Property was signed by him in his capacity as President of 3rd Coast, the Debtor stated that the conveyance was to his friend.

17. Despite there being no consideration reflected on the deed and no transfer tax paid to the State or municipality, at the 341 Meeting, the Debtor then testified that PMG3 purchased the Krause Lane Property but offered no further details as to the purchase price or the recipient of the proceeds of the sale.

18. The Debtor further testified that PMG3 obtained a mortgage in the amount of $100,000 against the Krause Lane Property to complete the purchase.

19. On June 25, 2021, PMG3 granted a mortgage in favor of Antoni Kawa of 7912 W. 100th Street, Palos Hills, IL 60465 against the Krause Lane Property in the amount of $100,000, which mortgage was recorded in the Office of the Cook County Clerk on July 23, 2021, as document number 2120407425 (the "Kawa Mortgage"). A copy of the Kawa Mortgage is attached hereto as Exhibit J.

III. THE DEBTOR'S PETITION MAY NOT HAVE DISCLOSED ADDITIONAL ASSETS OF THE DEBTOR

20. In his SOFA, the Debtor listed interests in insurance policies with face values of $300,000 and $200,000. *See* Schedule A/B, Part 4, #31 of Debtor's Schedules.

21. However, in applying for the LincolnWay mortgage, the Debtor submitted a personal financial statement (the "PFS") which disclosed interests in whole life insurance policies in the amounts of amounts of $1,500,000 and $2,000,000. A copy of the Debtor's PFS is attached hereto as Exhibit K.

22. Additionally, the PFS disclosed an equity interest in a business entity which the Debtor stated was valued at $300,000. *See* Exhibit K.

23. In an email sent by LaDonna Logan at Wise to counsel for LincolnWay and other parties on June 18, 2021, Ms. Logan stated, I have tried tremendously to find another

financial institution to grant a second mortgage for [the Debtor]. Without any luck, unfortunately [the Debtor] only has access to 200K to close." *See* June 18, 2021, email sent by Ladonna Logan is attached hereto as Exhibit G.

IV. THE DEBTOR'S SCHEDULES FAIL TO PROVIDE FOR NUMEROUS LIABILITIES OF THE DEBTOR FOR WHICH PROOFS OF CLAIM HAVE BEEN FILED.

24. The Debtor's Schedules listed unsecured claims totaling $48,839.92. *See* Schedule E/F.

25. To date, the non-priority claims filed total $99,600.05 and the priority claims total $118,010.65, with several claims being filed by entities and debts that were not provided for on the Debtor's schedules.

26. Specifically, the following proofs of claim were not listed on the Debtor's schedules:

   A. On September 1, 2021, Commonwealth Edison Company filed a proof of claim in the amount of $2,538.09. *See* Claim No. 3;

   B. On October 13, 2021, the Illinois Department of Revenue filed a proof of claim in the amount of $10,954.61. *See* Claim No. 9;

   C. On October 19, 2021, Peoples Gas Light & Coke Company filed a proof of claim in the amount of $1,134.73. *See* Claim No. 10; and

   D. On October 20, 2021, the Internal Revenue Service Department of Treasury filed a proof of claim in the amount of $163,480.48. *See* Claim No. 11.

27. The Debtor's schedules also did not include the following debts of the Debtor:

   A. A mechanics lien recorded on October 28, 2020, by Max Trucking, Inc. against the Prospect Avenue Property and Piotr Gawron dba PMG Contractors & Builders (the "Max Trucking Lien"). A copy of the Max Trucking Lien is attached hereto as Exhibit L; and

   B. A second mortgage dated October 2, 2019, against the Debtor's Residence to US Enterprises LLC F4 in the amount of $160,854 (the "Second US Enterprises Mortgage"). A copy of the Second US Enterprises LLC F4 mortgage is attached hereto as Exhibit M.

V. THE DEBTOR'S PETITION CONTAINS A NUMBER OF OTHER INCONSISTENCIES

28. In the Debtor's SOFA, the Debtor stated that he does not hold or control any property that someone else owns. However, the property commonly known as 701 N. Newkirk Lane, Palatine, IL 60074 (the "Newkirk Property"), was conveyed by the Debtor as attorney in fact for Alexsandra Gawron, the Debtor's mother. The power of attorney became effective upon its signing on May 29, 2013, granted the Debtor control over all property and finances of Ms. Gawron without limitation, and terminates upon the death of Ms. Gawron. A copy of the Power of Attorney is attached hereto as Exhibit N and a copy of the Deed conveying the Newkirk Property is attached hereto as Exhibit O.

29. In the Debtor's SOFA, the Debtor stated that he did not reside at any address other than that listed in his Petition as his Residence within the 3 years preceding the filing of the Petition. However, in an Affidavit of the Debtor filed in the Foreclosure case on January 9, 2020, the Debtor stated that he moved into his Residence in March 2019. A copy of the Debtor's affidavit is attached hereto as Exhibit P.

30. In the Debtor's SOFA, the Debtor stated that he did not give a financial statement to anyone about his business within the two years preceding the filing of the Petition, which is inconsistent with the following information:

> A. On or about September 2019, the Debtor applied for loan with Lending Mortgage Inc. ("Lending Mtge") to refinance the LincolnWay mortgage. LincolnWay was in direct contact with representatives of Lending Mtge in regard to the status of the refinance. One such communication occurred in the form of an email sent to LincolnWay by Marsela Galustian at Lending Mtge on September 24, 2019, which forwarded an email from Hallie Herz that provided a list of the updated financial documents that the Debtor would need to submit to update the application. Specifically, the September 24, 2019, email stated, in relevant part, that the Debtor would be required to submit, "2. Updated P&Ls and balance sheets for all three self-empl," and "Updated Self-Employed VVOEs." A copy of the September 24, 2019, email communication is attached hereto as Exhibit Q.

> B. On May 7, 2021, the attorney representing the Debtor in the Foreclosure sent an email to counsel for LincolnWay containing a letter of intent dated May 3,

2021, issued by Allen Wu, Executive Strategic Director of Wise to PMG Construction/Piotr Gawron (the "Wise LOI"). The Wise LOI stated, "This letter is to inform you that we have reviewed the application submitted, supporting documents including financial statement, executive summary and other documents as it pertains to the type of financing you are requesting and purpose of the loan. Base [sic] on such information, we are issuing a Letter of Intent for financing pending appraisal, title work, credit check, financial review and underwriting review. This Letter of Intent is based on the requested loan amount of $1,200,000." A copy of the Wise LOI is attached hereto as Exhibit R.

## JURISDICTION AND VENUE

31. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1134.

32. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

33. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

34. The statutory predicate for the relief requested herein is § 105(a) of the Bankruptcy Code, as supplemented by Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1.

## NOTICE

35. Notice of this Motion has been given to (a) the Office of the United States Trustee; (b) counsel for the Debtor; (c) and all parties who are entitled to notice through the Court's ECF noticing system pursuant to the Bankruptcy Rules. LincolnWay respectfully submits that such notice is sufficient, and no other or further notice need be provided.

## BASIS FOR RELIEF REQUESTED

36. Fed. R. Bankr. P. 2004(a) provides, in pertinent part that, upon the request of any "party in interest" the Court may direct the examination and production of documents by "any entity" pertaining to: . . . the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

37. In a . . . reorganization case under chapter 11 of the Code . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan. Fed. R. Bankr. P. 2004(b).

38. Further, production of documentary evidence may be compelled. Fed. R. Bankr. P. 2004(c).

39. Courts have long held that "the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted." *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996); *See* also *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). "The scope of examination allowed under Bankruptcy Rule 2004 is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition." *Wilcher*, 56 B.R. at 433.

40. Further, an examination under Rule 2004 "is not limited to the debtor or his agents but may extend to creditors and third parties who have had dealings with the debtor." *Id*.

41. As a creditor, Movant is a proper "party in interest" to bring a motion for examination under Rule 2004.

42. Under Rule 2004, as a party-in-interest, LincolnWay may compel the production of documents by, and examine, the Debtor and the Third-Party Respondents proposed herein, who are believed to have pertinent information regarding the financial condition of the Debtor, the Debtor's prepetition and postpetition actions, corporate governance, operations and transactions, including insider transfers and related party loans, the actions leading to this bankruptcy case, and other matters relevant to the administration of this Case.

43. Because the US Trustee has indicated that it does not intend to further investigate the inconsistencies in the Debtor's statements and filings, LincolnWay has taken on this burden of investigating the potential prepetition transfers and other inconsistencies in this Case.

## RELIEF REQUESTED

44. The information presented with this Motion reflects that, at a minimum, the Debtor possessed an interest, at least as an officer or manager, in several business entities, which interests were not disclosed in the Debtor's Schedules or SOFA.

45. LincolnWay requires information from the Debtor, and from other entities and parties in which the Debtor has recently had an interest or has had business dealings to obtain information regarding transactions with the Debtor, to (a) assess the Debtor's pre-petition and current financial situation, assets and liabilities; (b) investigate any action for preferential or fraudulent transfers or conveyances; or (c) investigate any other claims, counterclaims or causes of action, objections, contest or defenses that may be sought in this Case (collectively, the "Requested Documents").

46. Among other things, LincolnWay believes that the Requested Documents will yield information that will clear up the inconsistencies described in this Motion and lead to the discovery of additional assets of the estate and potentially other causes of action that may be brought in this Case.

47. As to the Debtor, LincolnWay seeks to serve the Debtor with a subpoena duces tecum requesting such documents and/or electronic files obtain information related to the assets and liabilities of the Debtor that do not appear to have been included in the Debtor's Schedules and the transfers of property that occurred immediately prior to the filing of the Petition.

48. LincolnWay also seeks to serve the following Third-Party Respondents with subpoenas duces tecum requesting such documents and/or electronic files related to the subject matter described herein:

   A. To obtain information regarding the Debtor's ownership interest and participation in the business operations, both day to day and strategically, in the past and currently, to the following entities: (a) 3rd Coast Builders & Construction Inc.; (b) PMG Builders & Construction, Inc.; and (c) PMG Builders 3 LLC (collectively, the "Business Entities");

   B. To obtain the documents submitted by the Debtor to various lenders in support of loan applications made by the Debtor within the two years preceding the filing of

the Petition: (a) Lending Mortgage Inc.; (b) Wise Commercial Lending; (c) US Enterprises LLC F4; (d) Antoni Kawa; and (e) On Deck Capital, Inc. (collectively, the "Lenders"); and

C. To obtain the documents related to the sale of the Krause Lane Property from PMG3 and First American Title Insurance Company, which acted as the escrow agent for (the "Title Company"), for the purpose of evaluating the Debtor's interest in PMG3 or any proceeds from the transaction and to determine if the transaction is subject to avoidance or other action.

49. The information sought by LincolnWay from the Debtor and the Third-Party Respondents is relevant to the Debtor's chapter 11 case and is therefore discoverable under Bankruptcy Rule 2004.

50. By this Motion, LincolnWay seeks entry of an order, in substantially the form submitted herewith, (a) authorizing LincolnWay to issue subpoenas for documents to the Debtor and Third-Party Respondents pursuant to Fed. Bankr. R. 2004 (the *"Subpoenas"*) without further order of the Court, and (b) establishing the following procedures (the *"Subpoena Procedures"*) in connection with the issuance of the Subpoenas:

A. LincolnWay shall be authorized to serve the Subpoena issued to the Debtor upon the Debtor's attorney;

B. LincolnWay shall be authorized to serve the Subpoenas to Third-Party Respondents, along with a copy of the order approving the Subpoena Procedures, by Federal Express, by hand delivery or by any other means to which the Third-Party Respondent or Third-Party Respondent's authorized agent consents to in writing;

C. LincolnWay shall file copies of all Subpoenas and certificates of service with the Court; and

D. Recipients of the Subpoenas shall have fourteen (14) days after service of the Subpoena to either produce the requested documents, object to, or to move to quash the Subpoena.

## NO PRIOR REQUEST

51. No prior motion for the relief requested herein has been made by LincolnWay to this Court.

## RESERVATION OF RIGHTS

52. LincolnWay reserves its rights to issue other subpoenas pursuant to Rule 2004 or other applicable law from any person or entity, including further examinations from the Debtor or other Third-Party Respondents.

WHEREFORE, for the reasons set forth herein, LincolnWay Community Bank respectfully requests this Court enter the Proposed Order, in the form of the Order presented herewith, and grant LincolnWay such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

LincolnWay Community Bank

/s/ Sandra L. Makowka
One of Its Attorneys

Cohen Dovitz Makowka, LLC
Sandra L. Makowka
Attorney No. 6286780
10729 W. 159TH Street
Orland Park, IL 60467
(708) 460-7711
Email: BANKRUPTCY@CDM.LEGAL