IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

Piotr M. Gawron,

            Debtor(s).

Case No. 21-09428
Chapter 11
Judge David D. Cleary

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, that on November 29, 2021 or as soon thereafter as service may be effectuated, LincolnWay Community Bank intends to serve a Subpoena, in the form attached hereto upon 3rd Coast Builders & Construction Inc.

## CERTIFICATE OF SERVICE

I, Sandra L. Makowka, an attorney, certify that on November 29, 2021, I served a copy of this Notice of Subpoena and attached Subpoena referred to therein upon each party named below via electronic notice through CM/ECF.

David R. Herzog

Patrick S. Layng, U.S. Trustee

Spencer Ezell, U.S. Trustee

Dana N O'Brien, attorney for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely as Certificate Trustee for NRP Mortgage Trust I

David Freydin, attorney for KJ Plumbing Services, Inc

            LincolnWay Community Bank

            By:    <u>Sandra L. Makowka</u>
                    One of Its Attorneys

Cohen Dovitz Makowka, LLC
Sandra L. Makowka
Attorney No. 6286780
10729 W. 159TH Street
Orland Park, IL 60467
(708) 460-7711
Email: BANKRUPTCY@CDM.LEGAL

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Illinois__

In re __Piotr M. Gawron__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __21-09428__

Chapter __11__

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __3RD COAST BUILDERS & CONSTRUCTION INC., C/O ALEXANDRA GAWRON, ITS REGISTERED AGENT, 199 RAINBOW ROAD, NORTH BARRINGTON, IL 60010__

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED ADDENDUM.**

| PLACE via email to bankruptcy@cdm.legal or via mail to Cohen Dovitz Makowka, LLC, 10729 W. 159th Street, Orland Park, IL 60467 | DATE AND TIME Within 14 days of the date of service |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __November 29, 2021__

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __LincolnWay Community Bank__, who issues or requests this subpoena, are:
Sandra L. Makowka, Cohen Dovitz Makowka, LLC, 10729 W. 159th Street, Orland Park, IL 60467, (708) 460-7711

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ADDENDUM TO SUBPOENA

## PART I.  DEFINITIONS

A.   "Agreement" shall mean any written or oral contract, indenture, note, bond, loan or other financing agreement, guaranty, forbearance or forgiveness agreement, indemnification, investment agreement, security agreement, stock rights or shareholder agreement, operating agreement, purchase agreement, assignment, consulting agreement, asset sale agreement, transaction agreement, professional or other services agreement, marketing agreement, management agreement, valuation or appraisal agreement, employment agreement, lease, commitment, or any other agreement and any document ancillary to the same.

B.  "Affiliate" shall have the meaning given to that term in 11 U.S.C. § 101(2).

C. "Asset" means any property, whether real, personal, tangible, or intangible that is owned by or in which the Debtor has a possessory interest.

D. "Bankruptcy" shall mean the Chapter 11 bankruptcy case pending in the Bankruptcy Court of the Northern District of Illinois, Eastern Division as Case No. 21-09428.

E. "Creditor" shall have the meaning given to that term in 11 U.S.C. § 101(10).

F. "Communication" shall mean any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typed, tape recorded, provided by electronic means, from any person, thing or entity, including but not limited to discussions, conversations, meetings, conferences, correspondence, memoranda, telephone calls or messages, text messages, instant messages, social media posts or messages, voicemails, facsimile transmissions, or any other form of transmittal of information of any kind, regardless of how recorded.

G. "Corporation" shall mean 3rd Coast Builders & Construction Inc., any predecessor or successor in interest or, as the context requires, its present and former subsidiaries and affiliates, and any officers, directors, shareholders, employees, agents, attorneys, accountants or other persons, entities and corporations acting under the control or on behalf of 3rd Coast Builders & Construction Inc.

H. "Debtor" shall mean Piotr M. Gawron a/k/a Piotr Gawron.

I. "Document" shall have the broadest meaning ascribed to it under the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure and shall include all written, whether handwritten or typed, or graphic matter of every kind and description however produced or reproduced, in both draft and final form, in actual or constructive possession, custody or control of Respondent, including, but not limited to, letters, emails, correspondence, articles, facsimiles, memoranda, notes, films, transcriptions, contracts, agreements, guarantees, licenses, memoranda of telephone conversations or personal conversations, microfilm, bulletins, statements, notices, reports, rules, regulations, directives, resolutions, teletype messages, minutes of meetings, interoffice communications, financial statements, ledgers, books on account, proposals, offers, orders, receipts, working

papers, calendars, appointment books, diaries, time sheets, logs, or material similar to any of the foregoing and shall include records in existence or stored in memory components.

J.  "Electronically stored information" shall mean all information within the full scope of Rule 34 of the Federal Rules of Civil Procedure, including without limitation, all electronic, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), and information stored on a computer, laptop, handheld computer device, mobile phone, disk, CD, DVD, and any mechanical recording or production of any oral material.

K.  "Financial Institution" shall have the meaning given to that term in 11 U.S.C. § 101(22).

L.  "Financial statements" includes, but is not limited to, interim, final, pro forma, actual, projected, complete, or partial, annual, quarterly, monthly, weekly or otherwise, audited or unaudited, budgets, budget plans, balance sheets, schedules of direct costs, schedules of miscellaneous income, schedules of general services, fiscal serviceman administrative services, statements of earnings and earnings per share, income statements, cash flow statements, statement of revenues and statements of expenses, profit and loss statements, all notes or other commentary concerning any of the foregoing and all underlying work papers and all drafts used in connection with the preparation of any of the foregoing.

M.  "Petition" means the Petition for relief under Chapter 11 of Title 11 of the United States Code filed in Bankruptcy Court Case No. 21-09428 on August 9, 2021.

N.  "Relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with, mentioning, containing, describing memorializing, enumerating, involving or in any way concerning, pertaining, being connected with a stated subject matter, whether in whole or in part and whether directly or indirectly.

O.  "Shareholder" shall mean any person having an ownership interest in the Corporation, regardless of whether any stock certificates evidencing such interest have been issued.

P.  "Transfer" shall have the meaning given to that term in 11 U.S.C. § 101(54).

Q.  The words "and," "or," and "and/or" shall each be deemed to refer to both their conjunctive and disjunctive meanings and shall be interpreted in a manner consistent with the broader production.

R.  The words "include(s)" or "including" shall mean "include(s) without limitation," and "including but not limited to."

S.  The words "every," "all," and "any" shall mean "each and every" as well as "any one."

T.  The singular number and masculine gender as used herein shall embrace, and be read and applied as, the plural or the feminine or the neuter, as the circumstances may make appropriate, and in order to make the request inclusive rather than exclusive.

U.  The use of the singular form of any word includes the plural and vice versa.

V. The disjunctive includes the conjunctive and vice versa as necessary to bring within the scope of these requests any Documents or Communications that might otherwise be considered to be beyond its scope.

W. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

## Part II.  INSTRUCTIONS

A. The responding party is directed to produce the Documents or Communications requested herein and serve the responsive Documents or Communications to the attorneys for the issuing party at the office of Cohen Dovitz Makowka, LLC, 10729 W. 159th Street, Orland Park, Illinois 60467 or via email to bankruptcy@cdm.legal within fourteen (14) days after receipt hereof.

B. All Documents and Communications that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

C. The Documents and Communications requested herein shall be produced as they are kept in the usual course of business and labeled to the corresponding Request.

D. Produce electronically stored information in native format or Portable Document Format (.pdf). Produce all photographic images or video recordings in native format. For Documents or Communications converted to .pdf, maintain and produce all metadata associated with the native format.

E. Each Request seeks Documents that were created or relate to events that occurred during the period from January 1, 2017 to the date hereof.

F. In responding to these Requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your affiliates, employees, attorneys, accountants, advisors, agents, professionals, representatives or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

G. If any Document or Communication is known to exist but cannot be produced, that Document or Communication is to be specifically identified as precisely as possible and the reasons for the inability to produce the Document or Communication stated.

H. If any Document or Communication requested has been destroyed or cannot be located, provide all the following:
   i. A statement identifying the item;
   ii. A statement of how and when the item passed out of existence or when it could no longer be located;
   iii. The reasons for the item's nonexistence or loss;
   iv. The identity, address, and job title of each person having knowledge about the nonexistence or loss of the item; and

v. The identity of any other items evidencing the nonexistence or loss of the item or any facts about the nonexistence or loss.

I. If there are no Documents or Communications responsive to a particular request, so state in writing.

J. If any Document or Communication requested withheld under claim of privilege or work product, please provide a written list of the Documents or Communications withheld, including the following information as to each such item:

i. the name(s), and if applicable, title of the person(s) who drafted, authored or prepared the Document or Communication;
ii. the name(s) and address(es) of the person(s) or other entity(ies) to whom Document or Communication was addressed;
iii. the name and address of all others who received or read the Document or Communication;
iv. the name(s) of each person or entity who have knowledge of the matters contained in the Document or Communication;
v. the date of Document or Communication;
vi. the present location of the Document or Communication and all copies thereof;
vii. the name and title of each and every person having custody or control of the Document or Communication and all copies thereof;
viii. a brief description of the nature and subject matter of the Document or Communication; and
ix. the nature and basis of the privilege claimed.

## PART III. REQUESTS FOR PRODUCTION

REQUEST NO. 1. The Articles of Incorporation of the Corporation, along with and any amendments thereto.

REQUEST NO. 2. All stock certificates and any other Documents or Communications evidencing the ownership and capital structure and individuals or entities possessing an ownership interest in the Corporation from its inception to the present date.

REQUEST NO. 3. The By-Laws of the Corporation and all other Documents or Communications related to the governance of the Corporation.

REQUEST NO. 4. All shareholder agreements or agreements between the shareholders of the Corporation.

REQUEST NO. 5. Names and addresses of all individuals who ever held a shareholder interest in the Corporation and the number and value of shares owned by each, and all documents and communications related to the date(s) of acquisition of any such interest and any subsequent transfer of any such interest.

REQUEST NO. 6. All Documents and Communications related to the transfer of the shareholder or other ownership interest of the Debtor to Alexandra Gawron.

REQUEST NO. 7.      Any and all resolutions of the Corporation and all Documents or Communications related thereto.

REQUEST NO. 8.      Minutes of all meetings of the shareholders of the Corporation and all Documents or Communications referenced therein.

REQUEST NO. 9.      Minutes of all meetings of the board of directors of the Corporation and all Documents or Communications referenced therein.

REQUEST NO. 10.     Names and addresses of all individuals that have served, whether past or present, as an officer or director of the Corporation and the date(s) any such individual served in that capacity.

REQUEST NO. 11.     All state and federal informational or income tax returns of the Corporation, since its inception through and including 2020, together with all schedules, attachments, W-2 forms, 1099 forms, and all similar income summary forms.

REQUEST NO. 12.     If state or federal informational or income tax returns were not filed by the Corporation for any year requested, provide any draft returns or estimated payment forms together with all W-2 forms, 1099 forms, and all other Documents related to the income earned by the Corporation.

REQUEST NO. 13.     All bank statements, including canceled checks, for any bank or other deposit account in which the Corporation has an interest for the years 2019, 2020 and 2021.

REQUEST NO. 14.     All Financial Statements of the Corporation, including any financial statements prepared by or on behalf of the Corporation, including but not limited to all such statements presented to any financial institution and/or any other party for the purpose of guaranteeing, securing, or attempting to secure a loan or financial assistance of any kind.

REQUEST NO. 15.     All other Documents or Communications evidencing, referencing or relating to all revenue generated by the Corporation.

REQUEST NO. 16.     All Documents or Communications, including but not limited to any deeds, leases, mortgages, or other written instruments evidencing the Corporation's interest in, whether ownership or otherwise, of any real property.

REQUEST NO. 17.     All Documents or Communication, including but not limited to any bills of sale or other written evidence of any personal or real property purchased or sold by the Corporation.

REQUEST NO. 18.     All Documents or Communications relating to any motor vehicles owned by the Corporation.

REQUEST NO. 19.     A schedule of all machinery, equipment, furniture, fixtures, or furnishings whether now or previously owned by the Corporation.

REQUEST NO. 20.     All Documents or other Communications reflecting the cost basis and current value of all machinery, equipment, furniture, fixtures, or furnishings whether now or previously owned by the Corporation.

REQUEST NO. 21.   All policies of insurance owned by or in favor of the Corporation or assets owned by the Corporation, regardless of the insured or beneficiary, including but not limited to any policies for life, accident, general liability, health, errors & omissions, builder's risk, motor vehicle, workman's compensation.

REQUEST NO. 22.   For each policy of insurance, provide a copy of the declaration page(s), beneficiar(ies) and invoice or other Documents evidencing the cost of the policy.

REQUEST NO. 23.   All Documents or Communications reflecting, referencing, or relating to transactions or contracts entered into by the Corporation for which the Corporation is now performing services or rendering materials.

REQUEST NO. 24.   All Documents or Communications reflecting, referencing, or relating to transactions or contracts entered into by the Corporation for which the Corporation has performed services or rendered materials, or on which someone is indebted to the Corporation for services or materials already furnished.

REQUEST NO. 25.   All Documents and Communications related to the litigation pending in the Law Division of the Circuit Court of Cook County, Illinois as Case No. 2020L008109, which case is entitled *Cynthia Barone & Dolores Barone v. 3rd Coast Builders & Construction, Inc.*

REQUEST NO. 26.   All Documents and Communications related to the litigation pending in the Chancery Division of the Circuit Court of Cook County, Illinois as Case No. 2019CH06291, which case is entitled *Alejandra Arevalo v. 3rd Coast Builders & Construction, Inc., Steven Shaykin and Steven M. Shakyin, P.C.*

REQUEST NO. 27.   All Documents and Communications related to the litigation pending in the Chancery Division of the Circuit Court of Cook County, Illinois as Case No. 2021CH01832, which case is entitled *Max Trucking Inc. v. 3rd Coast Builders & Construction Inc., Piotr Gawron*, et al.

REQUEST NO. 28.   All Documents and Communications related to the litigation pending in the Third Municipal Division of the Circuit Court of Cook County, Illinois as Case No. 2021M3000308, which case is entitled *On Deck Capital, Inc.. v. 3rd Coast Builders & Construction Inc., Piotr Gawron.*

REQUEST NO. 29.   All Documents and Communications related to all other litigation or settlement to which the Corporation is now a party, or has been a party, whether as plaintiff or defendant, since its inception through the present date.

REQUEST NO. 30.   All Documents or Communications evidencing or related to any indebtedness of the Corporation to any bank or financial institution including without limitation copies of any promissory note, loan agreement, security instrument, UCC filing or credit agreement relating to such indebtedness.

REQUEST NO. 31.   All Documents or Communications evidencing or related to any indebtedness of the Corporation to an individual or entity including without limitation copies of any promissory note, loan agreement, security instrument, UCC filing or credit agreement relating to such indebtedness.

REQUEST NO. 32.   All Documents or Communications related to any personal guaranty by any individual of any debt or other obligation of the Corporation.

REQUEST NO. 33.   All Documents or Communications related to the repayment of any debts of the Corporation.

REQUEST NO. 34.   All Documents or Communications related to the Mortgage in the amount of $412,000 dated August 13, 2019 granted by the Corporation in favor of Constructive Loans, LLC against the real property commonly known as 4838 North Prospect Avenue, Norridge, IL 60706, including but not limited to, all applications, financial statements, settlement statements, appraisals, guaranty agreements and other loan documents executed by the Corporation.

REQUEST NO. 35.   All Documents or Communications related to the Mortgage in the amount of $160,854 dated November 22, 2019 granted by the Corporation in favor of US Enterprises LLC F4 against the real property commonly known as 4838 North Prospect Avenue, Norridge, IL 60706, including but not limited to, all applications, financial statements, settlement statements, appraisals, guaranty agreements and other loan documents executed by the Corporation.

REQUEST NO. 36.   All Documents or Communications related to any agreement entered into by the Corporation with Max Trucking, Inc. for services to be performed at the real property commonly known as 4838 North Prospect Avenue, Norridge, IL 60706, including but not limited to, all contracts, payments made by the Corporation to Max Trucking, Inc., and mechanic's lien waivers.

REQUEST NO. 37.   All Documents or Communications related to the loan the Corporation obtained from On Deck Capital, Inc., including but not limited to, all applications, financial statements, settlement statements, guaranty agreements and other loan documents executed by the Corporation or the Debtor.

REQUEST NO. 38.   All Documents or Communications related to the credit obtained by the Corporation from Capital One Bank, including but not limited to, all applications, financial statements, settlement statements, guaranty agreements and other loan documents executed by the Corporation or the Debtor.

REQUEST NO. 39.   All Documents or Communications to acquire all or a portion of the Corporation's assets or assets used by the Corporation, extend financing to, restructure, recapitalize or invest in the Corporation.

REQUEST NO. 40.   All Documents or Communications related to the transfer by the Corporation of the real property commonly known as 214 Krause Lane, Wheeling, IL 60090 to PMG Builders 3 LLC, including without limitation, all information related to the sale contract, all documents evidencing the consideration received for the transfer, and any resolution or other authorization granting the Debtor the authority to act on behalf of the Corporation in regards to the conveyance.

REQUEST NO. 41.   Names and addresses of all employees who have worked for the Corporation and all W-2 statements issued to each employee.

REQUEST NO. 42.    Names and addresses of all independent contractors that have performed services for the Corporation and all 1099 statements issued to each independent contractor.

REQUEST NO. 43.    All Documents or Communications related to any monetary payments made to any shareholder, officer, or director of the Corporation.

REQUEST NO. 44.    All Documents or Communications related to all withdrawals made by each officer, director, or managing executive of the Corporation.

REQUEST NO. 45.    All Documents or Communications related to any additional or non-monetary compensation paid or given to any shareholder, officer, director, or employee of the Corporation.

REQUEST NO. 46.    All Documents or Communications reflecting, referencing or relating to transfers of property of the Corporation to (i) Debtor; (ii) an Affiliate of Debtor; or (iii) a third party at the direction of Debtor.

REQUEST NO. 47.    All Documents or Communications reflecting, referencing, or relating to any monetary payment made by the Corporation to (i) Debtor; (ii) an Affiliate of Debtor; or (iii) a third party at the direction of Debtor.

REQUEST NO. 48.    All Documents or Communications reflecting, referencing, or relating to any other compensation or other benefit made by the Corporation to (i) Debtor; (ii) an Affiliate of Debtor; or (iii) a third party at the direction of Debtor.

REQUEST NO. 49.    All Documents or Communications related to any loan or other debt agreement entered into by the Debtor related to the Corporation.

REQUEST NO. 50.    All Documents or Communications related to any loan or other debt agreement entered into by the Debtor related to or for the benefit of the Corporation.

REQUEST NO. 51.    All Documents or Communications related to any contract or other agreement entered into by the Debtor related to the Corporation.

REQUEST NO. 52.    All Documents or Communications granting the Debtor the authority to act on behalf of the Corporation.

REQUEST NO. 53.    All Documents or Communications which show the names, addresses, and telephone numbers of all organizations and persons who have or may have knowledge of the status of property in which the Corporation has now or previously had an interest, and/or the location and value of any assets of the Corporation, including all affiliates, banks, savings and loan associations, mortgagees, merchants, credit providers, brokers, credit unions, financial institutions, security dealers, and people and organizations who may have information about the Corporation's assets, income or liabilities.