IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

Piotr M. Gawron,

                Debtor(s).

Case No. 21-09428
Chapter 11
Judge David D. Cleary

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, that on November 29, 2021 or as soon thereafter as service may be effectuated, LincolnWay Community Bank intends to serve a Subpoena, in the form attached hereto upon First American Title Insurance Company.

## CERTIFICATE OF SERVICE

I, Sandra L. Makowka, an attorney, certify that on November 29, 2021, I served a copy of this Notice of Subpoena and attached Subpoena referred to therein upon each party named below via electronic notice through CM/ECF.

David R. Herzog

Patrick S. Layng, U.S. Trustee

Spencer Ezell, U.S. Trustee

Dana N O'Brien, attorney for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely as Certificate Trustee for NRP Mortgage Trust I

David Freydin, attorney for KJ Plumbing Services, Inc

                      LincolnWay Community Bank

                      By:    <u>Sandra L. Makowka</u>
                                One of Its Attorneys

Cohen Dovitz Makowka, LLC
Sandra L. Makowka
Attorney No. 6286780
10729 W. 159TH Street
Orland Park, IL 60467
(708) 460-7711
Email: BANKRUPTCY@CDM.LEGAL

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Illinois__

In re __Piotr M. Gawron__
      Debtor

Case No. __21-09428__

Chapter __11__

*(Complete if issued in an adversary proceeding)*

_____
      Plaintiff

v.

Adv. Proc. No. _____

_____
      Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: First American Title Insurance Company, c/o Illinois Corporation Service C, Its Registered Agent, 801 Adlai Stevenson Drive, Springfield, IL 62703

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED ADDENDUM TO SUBPOENA.**

| PLACE via email to bankruptcy@cdm.legal or via mail to Cohen Dovitz Makowka, LLC, 10729 W. 159th Street, Orland Park, IL 60467 | DATE AND TIME Within 14 days of the date of service |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __November 29, 2021__

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __LincolnWay CommunityBank__, who issues or requests this subpoena, are:
Sandra L. Makowka, Cohen Dovitz Makowka, LLC, 10729 W. 159th Street, Orland Park, IL 60467, (708) 460-7711

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ADDENDUM TO SUBPOENA

## PART I. DEFINITIONS

A. "Agreement" shall mean any written or oral contract, indenture, note, bond, loan or other financing agreement, guaranty, forbearance or forgiveness agreement, indemnification, investment agreement, security agreement, stock rights or shareholder agreement, operating agreement, purchase agreement, assignment, consulting agreement, asset sale agreement, transaction agreement, professional or other services agreement, marketing agreement, management agreement, valuation or appraisal agreement, employment agreement, lease, commitment, or any other agreement and any document ancillary to the same.

B. "Bankruptcy" shall mean the Chapter 11 bankruptcy case pending in the Bankruptcy Court of the Northern District of Illinois, Eastern Division as Case No. 21-09428.

C. "Creditor" shall have the meaning given to that term in 11 U.S.C. § 101(10).

D. "Communication" shall mean any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typed, tape recorded, provided by electronic means, from any person, thing or entity, including but not limited to discussions, conversations, meetings, conferences, correspondence, memoranda, telephone calls or messages, text messages, instant messages, social media posts or messages, voicemails, facsimile transmissions, or any other form of transmittal of information of any kind, regardless of how recorded.

E. "Debtor" shall mean Piotr M. Gawron a/k/a Piotr Gawron.

F. "Document" shall have the broadest meaning ascribed to it under the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure and shall include all written, whether handwritten or typed, or graphic matter of every kind and description however produced or reproduced, in both draft and final form, in actual or constructive possession, custody or control of Respondent, including, but not limited to, letters, emails, correspondence, articles, facsimiles, memoranda, notes, films, transcriptions, contracts, agreements, guarantees, licenses, memoranda of telephone conversations or personal conversations, microfilm, bulletins, statements, notices, reports, rules, regulations, directives, resolutions, teletype messages, minutes of meetings, interoffice communications, financial statements, ledgers, books on account, proposals, offers, orders, receipts, working papers, calendars, appointment books, diaries, time sheets, logs, or material similar to any of the foregoing and shall include records in existence or stored in memory components.

G. "Electronically stored information" shall mean all information within the full scope of Rule 34 of the Federal Rules of Civil Procedure, including without limitation, all electronic, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), and information stored on a computer, laptop, handheld computer device, mobile phone, disk, CD, DVD, and any mechanical recording or production of any oral material.

H. "Financial Institution" shall have the meaning given to that term in 11 U.S.C. § 101(22).

I.  "Petition" means the Petition for relief under Chapter 11 of Title 11 of the United States Code filed in Bankruptcy Court Case No. 21-09428 on August 9, 2021.

J.  "Relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with, mentioning, containing, describing memorializing, enumerating, involving or in any way concerning, pertaining, being connected with a stated subject matter, whether in whole or in part and whether directly or indirectly.

K.  "Transfer" shall have the meaning given to that term in 11 U.S.C. § 101(54).

L.  The words "and," "or," and "and/or" shall each be deemed to refer to both their conjunctive and disjunctive meanings and shall be interpreted in a manner consistent with the broader production.

M.  The words "include(s)" or "including" shall mean "include(s) without limitation," and "including but not limited to."

N.  The words "every," "all," and "any" shall mean "each and every" as well as "any one."

O.  The singular number and masculine gender as used herein shall embrace, and be read and applied as, the plural or the feminine or the neuter, as the circumstances may make appropriate, and in order to make the request inclusive rather than exclusive.

P.  The use of the singular form of any word includes the plural and vice versa.

Q.  The disjunctive includes the conjunctive and vice versa as necessary to bring within the scope of these requests any Documents or Communications that might otherwise be considered to be beyond its scope.

R.  Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

## Part II.  INSTRUCTIONS

A.  The responding party is directed to produce the Documents or Communications requested herein and serve the responsive Documents or Communications to the attorneys for the issuing party at the office of Cohen Dovitz Makowka, LLC, 10729 W. 159th Street, Orland Park, Illinois 60467 or via email to bankruptcy@cdm.legal within fourteen (14) days after receipt hereof.

B.  All Documents and Communications that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

C.  The Documents and Communications requested herein shall be produced as they are kept in the usual course of business and labeled to the corresponding Request.

D.  Produce electronically stored information in native format or Portable Document Format (.pdf).  Produce all photographic images or video recordings in native format.  For

Documents or Communications converted to .pdf, maintain and produce all metadata associated with the native format.

 E. Each Request seeks Documents that were created or relate to events that occurred during the period of January 1, 2021 to the date hereof.

 F. In responding to these Requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your affiliates, employees, attorneys, accountants, advisors, agents, professionals, representatives or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

 G. If any Document or Communication is known to exist but cannot be produced, that Document or Communication is to be specifically identified as precisely as possible and the reasons for the inability to produce the Document or Communication stated.

 H. If any Document or Communication requested has been destroyed or cannot be located, provide all the following:
  i. A statement identifying the item;
  ii. A statement of how and when the item passed out of existence or when it could no longer be located;
  iii. The reasons for the item's nonexistence or loss;
  iv. The identity, address, and job title of each person having knowledge about the nonexistence or loss of the item; and
  v. The identity of any other items evidencing the nonexistence or loss of the item or any facts about the nonexistence or loss.

 I. If there are no Documents or Communications responsive to a particular request, so state in writing.

 J. If any Document or Communication requested withheld under claim of privilege or work product, please provide a written list of the Documents or Communications withheld, including the following information as to each such item:
  i. the name(s), and if applicable, title of the person(s) who drafted, authored or prepared the Document or Communication;
  ii. the name(s) and address(es) of the person(s) or other entity(ies) to whom Document or Communication was addressed;
  iii. the name and address of all others who received or read the Document or Communication;
  iv. the name(s) of each person or entity who have knowledge of the matters contained in the Document or Communication;
  v. the date of Document or Communication;
  vi. the present location of the Document or Communication and all copies thereof;
  vii. the name and title of each and every person having custody or control of the Document or Communication and all copies thereof;
  viii. a brief description of the nature and subject matter of the Document or Communication; and

    ix. the nature and basis of the privilege claimed.

## PART III. REQUESTS FOR PRODUCTION

REQUEST NO. 1.    Any and all Documents or Communications relating to the closing of the sale transaction regarding the property commonly known as 214 Krause Lane, Wheeling, IL 60090.

REQUEST NO. 2.    Any and all Documents or Communications relating to the purchase money mortgage in the amount of $100,000 dated June 25, 2021 granted by PMG Builders 3 LLC to Antoni Kawa against the real property commonly known as 214 Krause Lane, Wheeling, IL 60090.

REQUEST NO. 3.    Any and all other Documents or Communications related to any other business transacted under File Number 3018788,