# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 21 B 09428 |
| Piotr M. Gawron, | ) | |
|    Debtor. | ) | Judge Hon. Cleary |
| | ) | CHAPTER 11 |
| | ) | |
| | ) | |
| | ) | |
| KJ Plumbing Services, Inc. | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 22 AP |
| | ) | |
| Piotr M. Gawron, | ) | |
| | ) | |
|       Defendant. | ) | |

## **NOTICE OF ADVERSARY COMPLAINT**

TO:

    Please take notice that on **January 14, 2022**, I caused to be filed with the CM/ECF system for the Bankruptcy Court of the Northern District of Illinois the enclosed Complaint to Determine Dischargeability.

## **PROOF OF SERVICE**

    The undersigned, an attorney, certifies that a true and correct copy of the foregoing notice and attached Complaint was served on the above named addressees, with postage prepaid from the mail chute located at 8707 Skokie Blvd, Ste 312, Skokie, IL 60077 on **January 14, 2022**.

 /s/ *David Freydin*
Attorney for Debtor
Law Offices of David Freydin
8707 Skokie Blvd, Ste 312
Skokie, IL 60077
630.516.9990

1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 21 B 09428 |
| Piotr M. Gawron, | ) | |
|     Debtor. | ) | Judge Hon. Cleary |
| | ) | CHAPTER 11 |
| | ) | |
| KJ Plumbing Services, Inc. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 22 AP |
| | ) | |
| Piotr M. Gawron, | ) | |
| | ) | |
|     Defendant. | ) | |

## ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523

Now comes Plaintiff KJ Plumbing Services, Inc., ("KJPS" or "Plaintiff"), by and through its attorney, David Freydin, complaining of the Defendant, Piotr M. Gawron, and states as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157.

3. In the event any of the relief sought by Plaintiff in this case is determined to be non-core, Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Judge assigned to this case.

4. Venue is proper under 28 U.S.C. § 1409.

**PARTIES**

5. Plaintiff, KJ Plumbing Services, Inc., is a commercial and residential plumbing contractor operating in the greater Chicago area. KJPS maintains its office at 1332 E. Lake Ave, Glenview, IL 60025.

6. Defendant, Piotr M. Gawron, is an individual and resides at 199 N. Rainbow Road, North Barrington, IL, 60010 and is the Debtor in the underlying Chapter 11 (case 21 B 09428).

**FACTS COMMON TO EACH COUNT**

7. That on October 10, 2019, Defendant, presumably from his home or place of business, contacted Plaintiff via telephone and text and retained Plaintiff to perform main supply, sewer, and storm reconnection services (the "Services") for a property located at 7946 W. Summerdale Ave., Chicago, IL 60656 (the "Property").

8. That Plaintiff and Defendant agreed to a price of $26,500.00. Please see attached Exhibit A.

9. That when he retained Plaintiff to perform the Services on October 10, 2019, Defendant knew that he was unable to pay for the Services.

10. That Defendant knew that the account from which he was planning to issue payment was closed.

11. That Defendant knew that he had no other funds available to pay for the Services.

12. That Defendant nevertheless made the specific representation that he would pay for services upon completion.

13. That upon information and belief, Defendant's only possible hope of paying for the Services was if Defendant completed the "Closing".

14. That Defendant sought to trick Plaintiff into performing work that Plaintiff otherwise would not have done without payment up front.

15. That Plaintiff reasonably relied on Defendant's conduct and promises to pay.

16. That Plaintiff completed the Services on or before October 21, 2019. Please see attached Exhibit B.

17. Defendant knowingly and intentionally made fraudulent representations, misrepresentations, and omitted material facts so that Plaintiff would perform the Services for which Defendant knew he could not pay.

18. That, taking advantage of industry custom and prior engagements, Defendant induced Plaintiff to perform work without payment up front.

19. That Plaintiff reasonably relied on Defendant's specific representation that he would pay Plaintiff in full upon completion of the Services because such practice is custom in the industry.

20. That Plaintiff's reliance was reasonable because Defendant held himself out as being able to pay by specifically stating that he would do so.

21. That, to date, Defendant has not paid Plaintiff for the Services.

22. That Defendant's conduct violates section 5/17-1 of the Illinois Deceptive Practices Statute.

**COUNT I: FRAUD 11 USC § 523(a)(2)(A)**

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twenty-two.

24. That Defendant intended to induce Plaintiff to perform the Services despite knowing he was unable to pay upon completion.

25. That work on the Property could not continue without the Services.

26. That Defendant knew that he could get Plaintiff to perform work without payment up front.

27. That without Defendant's specific representation that he would pay upon completion of the Services, Plaintiff would not have begun work without payment.

28. That as a result of this fraudulent conduct, Plaintiff has suffered actual damages in the amount of $26,500.00 plus punitive damages, additional attorney fees, and interest.

29. That Defendant benefitted from the fraudulent misrepresentations and misstatements of fact as set forth above.

30. That the debt Defendant owes to Plaintiff is a result of overt fraud and should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)

WHEREFORE, KJ Plumbing Services, Inc. asks that this Honorable Court enter an Order finding the debt owed by Piotr Gawron to KJ Plumbing Services, Inc. in the amount of $26,500.00 plus additional punitive damages, attorney fees, and interest is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and for such other and further relief as this Honorable Court deems fair and just.

### COUNT II: FRAUD 11 USC § 523(a)(2)(B)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through thirty.

32. That in the week leading up to March 12, 2020, Plaintiff and Defendant agreed that Plaintiff would accept $25,000.00 as full payment for the Services.

33. That on March 12, 2020, Defendant gave Plaintiff a check for $25,000.00 from an account held by PMG Builders & Construction Inc (the "PMG Check"). Please see attached Exhibit C.

34. That Defendant instructed Plaintiff not to deposit the PMG check until May 20, 2020.

35. That Plaintiff deposited the PMG check for $25,000.00 on May 20, 2020.

36. That the PMG check was returned unpaid because the account on which it was drawn was closed. Please see attached Exhibit C.

37. That on January 22, 2021 at 11:48 AM, Defendant texted Plaintiff that he "was working on check". Please see attached Exhibits D and E.

38. That on April 28, 2021 at 5:35 PM, Defendant texted Plaintiff, "I'll call next week. I'll have the money".

39. That on May 19, 2021, Plaintiff and Defendant met at the Dunkin Donuts located 5050 N Cumberland Ave., Norridge, IL 60706.

40. That during the May 19, 2021 meeting, Plaintiff agreed to accept $26,000.00 as full payment for the Services.

41. That during the May 19, 2021 conversation, Defendant gave Plaintiff a check for $26,000.00 from an account held by "3RD COAST BUILDERS & CONSTRUCT" (the "3RD Coast Check").

42. That during the May 19, 2021 conversation, Defendant instructed Plaintiff not to cash 3RD Coast Check immediately.

43. That on June 23, 2021 at 2:27 PM, Defendant texted Plaintiff, "I'll call Monday. Check should be ready".

44. That Plaintiff cashed the 3RD Coast Check on July 1, 2021.

45. That on July 6, 2021, Chase Bank notified Plaintiff that the check was rejected because the account was closed. Please see attached Exhibit F.

46. That the series of text messages Defendant sent to Plaintiff between November 2020 and October 2021 ("the Messages") were statements in writing.

47. That Defendant used the Messages to obtain services, an extension, and/or credit from Plaintiff.

48. That the Messages concerned Defendant's financial condition.

49. That the Messages were materially false in that Defendant knew and/or should have known that the account from which he would issue payment was, in fact, closed.

50. The Messages were materially false in that Defendant had no other means to repay Plaintiff.

51. That the Messages, along with Defendant's initial fraud to induce Plaintiff to complete the Services knowing he could not pay, establish a clear pattern of deceit.

52. That Defendant specifically intended to induce and deceive Plaintiff to hold off pursuing legal remedies so that Defendant could complete his obligations with respect to the Property.

53. That Defendant specifically intended to induce and deceive Plaintiff to hold off pursuing legal remedies so that Defendant could complete the Closing.

54. That Defendant knew that he would not be able to pay for the Services at the time he sent the Messages.

55. That Defendant knew he would not be able to pay for the Services at the time he issued the PMG Check.

56. That Defendant knew he would not be able to pay for the Services at the time he issued the 3RD Coast Check.

57. That Defendant sent the Messages with intent to deceive as evidenced by the fact that he issued both the PMG Check and 3RD Coast Check (the "Checks") from a closed account.

58. That Defendant secured an extension of time to repay Plaintiff by agreeing, albeit with sinister intent, to pay $25,000.00 instead of $26,500.00.

59. That Defendant secured a further extension and renegotiated credit with Plaintiff in having Plaintiff agree to $26,000.00 instead of $25,000.00.

60. That Plaintiff reasonably relied on Defendant's misrepresentations based on prior history, the Messages, and industry custom.

61. That Defendant sent the Messages with the intent to deceive Plaintiff into believing that payment would be forthcoming so Plaintiff wouldn't jeopardize the Closing.

62. That the debt Defendant owes to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B)

WHEREFORE, KJ Plumbing Services, Inc. asks that this Honorable Court enter an Order finding the debt owed by Piotr Gawron to KJ Plumbing Services, Inc. in the amount of $26,500.00 plus additional punitive damages, attorney fees, and interest is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B), and for such other and further relief as this Honorable Court deems fair and just.

### COUNT III: FRAUD 11 USC § 523(a)(2)(A)

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through sixty-two.

64. That between October 19, 2019 and approximately June 23, 2021, Defendant used the Messages, the Checks, and misstatements to induce Plaintiff to extend and/or renew credit.

65. That Defendant knew that he would not be able to complete his obligations if Plaintiff encumbered the Property with litigation.

66. That Defendant knew that litigation over the Services would jeopardize the Closing.

67. That Defendant also knew that he would not have the funds available to cover either of the Checks.

68. That Defendant sent the Messages intending to deceive Plaintiff.

69. That Defendant negotiated an extension of payment terms and credit in reducing the price of the Services from $26,500.00 to $25,000.00.

70. That Defendant negotiated an extension of payment terms and credit in reducing the price of the Services from $25,000.00 to $26,500.00.

71. That these were material misrepresentations, basic to Defendant's goal of tricking Plaintiff into extending payment terms on the promise that knowingly-nonexistent funds would later be available.

72. That the debt Defendant owes to Plaintiff is a result of fraud and should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, KJ Plumbing Services, Inc. asks that this Honorable Court enter an Order finding the debt owed by Piotr Gawron to KJ Plumbing Services, Inc. in the amount of $26,500.00 plus additional punitive damages, attorney fees, and interest is excepted from

discharge pursuant to 11 U.S.C. § 523(a)(2)(A), and for such other and further relief as this Honorable Court deems fair and just.

                                                                         Respectfully submitted,

                                                                         KJ Plumbing Services, Inc.

By:/s/ *David Freydin*
Attorney for Debtor
Law Offices of David Freydin
8707 Skokie Blvd, Ste 312
Skokie, IL 60077
630.516.9990